

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

**ENTERED**
**08/19/2009**

| | | |
|---|---|---|
| IN RE: | § | |
| GARY ROOTH; dba ROOTH FARMS | § | CASE NO: 08-60100 |
|    Debtor(s) | § | |
| | § | CHAPTER  7 |

<u>**MEMORANDUM AND ORDER DENYING**</u>
<u>**MOTION TO ALLOW A LATE FILED PROOF OF CLAIM**</u>
<u>**(DOC #17)**</u>

     Docket # 17 is a motion by the United States, Internal Revenue Service (IRS), asking the Court to "allow" a proof of claim in the amount of $66,517.52 and to direct the chapter 7 Trustee to pay the claim even though the claim was filed by the IRS after the deadline.  For the reasons set forth in more detail below, the motion is denied.  The Court has no authority to grant such relief in a chapter 7 case.  The Bankruptcy Code precisely defines the term "allowed claim",  The Bankruptcy Code and Federal Rules of Bankruptcy Procedure (FRBP) establish a comprehensive and carefully coordinated set of rules establishing the deadline for filing proofs of claim, providing that a claim that is filed is "allowed" unless objection is filed, defining the limited circumstances under which the court can extend the deadline for filing a proof of claim, determining the consequences of filing a claim after the deadline, and limiting the Court's authority to vary those procedures and consequences.  The statute clearly states that a creditor who had actual notice of the filing of the bankruptcy case in time to file a proof of claim before the deadline may suffer adverse consequences even if that creditor did not receive timely formal notice of the filing of the case.  Therefore, the Court has no authority to grant the relief requested and the motion is denied.  However, as noted below, the Bankruptcy Code provides almost all the relief requested by the IRS without requiring Court action.

I.       FACTS ALLEGED BY THE IRS AND ACCEPTED FOR PURPOSES OF THIS ORDER

     Debtor filed a voluntary petition on November 5, 2008, commencing this case under chapter 7 of the Bankruptcy Code.  The IRS did not receive official, proper notice of the case, but when the IRS attempted to collect its claim after the petition date, on January 27, 2009, Debtor gave the IRS actual notice that he had filed a bankruptcy petition and that the § 362 stay was in effect.  In response to that notice, the IRS ceased its collection efforts.  The IRS did not file a notice of appearance in the case and did not file a request that it be added to the list of entities entitled to notice of proceedings in the case.

     On February 6, 2009, the Trustee gave notice that he had recovered assets for distribution to creditors and that the deadline for filing proofs of claim for all creditors was May 7, 2009.  The IRS did not receive that notice.

The IRS made no appearance and filed no documents in the bankruptcy case until it filed its proof of claim (recorded by the Clerk as proof of claim # 7) on June 18, 2009.  Then, on June 25, the IRS filed the instant motion for the Court to allow the claim and to require the bankruptcy trustee to pay it as a priority claim.[1]

## II.     DEADLINE FOR FILING PROOFS OF CLAIM IN THIS CASE

Government claims are "deemed" to be timely filed if they are filed within 180 days after the bankruptcy petition was filed:  Bankruptcy Code § 502(b)(9), FRBP 3002(c)(1).  One hundred eighty days subsequent to the petition in this case is May 4, 2009.

Since the general deadline[2] for filing ordinary proofs of claim was subsequent to the "deemed timely" date applicable to government claims, the deadline applicable to the IRS was May 7.

## III.     THE COURT'S AUTHORITY TO EXTEND DEADLINES IS LIMITED

The FRBP has specific rules for extension of some deadlines, and it also has a general provision for extension of deadlines for which there is no specific rule.  The "general extension" rule is explicitly limited to avoid conflict with the specific rules.

A.     Rule Applicable to Proofs of Claim in Chapter 7—FRBP 3002(c)(1)

The Court may, for cause, enlarge the time for a governmental unit to file a proof of claim but only if the governmental unit requests that relief before the deadline.  FRBP 3002(c)(1).  Although the IRS had actual knowledge on January 27 that the bankruptcy case had been filed, the IRS did not file a motion prior to May 7 for extension of the deadline.

B.     General Rule—FRBP 9006(b)(1)

FRBP 9006(b)(1) gives the Court general authority to extend deadlines.  But the general rule is limited by FRBP 9006(b)(3) which expressly incorporates the requirement in Rule 3002(c)(1) with respect to the deadline for the government to file proofs of claim in chapter 7 cases.  The request for the extension must be made prior to the deadline.

---

[1] The concluding sentence of the motion asks the Court to allow the claim and to require the trustee to pay the entire claim as a priority claim.  But the proof of claim states that only a part of the claim is a priority claim.  The Court assumes that this conflict is a clerical error.

[2] When it appears at the commencement of a case that there will be no assets for distribution to creditors, there is no deadline for filing proofs of claim.  To reduce administrative workload in the Clerk's office, creditors are discouraged from filing claims in these no-asset cases (which constitute over 90% of the chapter 7 cases).  When the case is initially classified a no-asset case but the Trustee subsequently obtains assets for payment of creditors, the Trustee gives notice that claims must be filed.  In such situations, the deadline for filing claims is 90 days after the notice is given. (FRBP 3002(c)(5).)  Government claims may enjoy special privileges since their claims are "deemed" to be timely filed if they are filed within 180 days after the petition date.  (FRBP 3002(c)(2).)  If the "deemed timely" deadline is subsequent to the 60 day general deadline, the government has an extended privilege to file claims.  If the general deadline is after the "deemed timely" 180-day deadline, the government has the same deadline as all other creditors.

C.    Court Has No Authority or Discretion

Although the result might be different in a chapter 11 or chapter 9 case,[3] in a chapter 7 case after the deadline has run the Court simply does not have the authority to enlarge the time for the United States to file a proof of claim.[4]  Since "allowing" the claim on the late-filed motion would effectively be an extension of the deadline, the Court has no authority to do that, either.  Otherwise the limitation in FRBP 3002(c)(1) and FRBP 9006(b)(3) are meaningless.

While intuitively that result might seem inequitable (especially when the tardiness of the claim relates to allegedly inadequate notice and when distributions to creditors have not yet been made) it is clear that Congress considered that context.  The statutory consequences are described in more detail below, but can be summarized here as follows.  The statute "allows" the tardy priority government claim, without the need for court action.  The Bankruptcy Code also provides for payment of the non-priority claim in the second tier distributions if lack of actual notice has prevented the IRS from filing a timely claim, but the facts of this case do not satisfy those statutory requirements because the IRS had actual notice about 4 months prior to the deadline.  The non-priority unsecured claim is, nevertheless an allowed claim; it is simply relegated to a lower rank.[5]  This specific statutory provision regarding "actual notice" supersedes the general provisions of the Bankruptcy Code relating to formal notice that the IRS asks the Court to apply.  But even if they did not, for reasons set forth below the Court rejects the IRS argument.

IV.    NOTICE

The IRS admits that it received actual notice of the bankruptcy case on January 27, 2009, and that the notice it received was adequate to cause it to modify its collection efforts.  But the IRS argues that the notice it received was informal notice that did not comply with FRBP 2002(j)(4) and § 342 of the Bankruptcy Code that require formal notice.  The IRS argues that

---

[3] *See* FRBP 3003(c)(3).  *Pioneer Inv. Services Co. v. Brunswick Associates, Ltd.,* ,507 US 380 (1993) (which provides expanded authority to waive deadlines for tardy documents filed as a result of "excusable neglect") was a chapter 11 case.  It interprets FRBP 9006(b)(1) which grants general authority to extend deadlines for "excusable neglect."  But unlike chapter 11, for proofs of claim in chapter 7 cases, FRBP 9006(b)(1) is limited by FRBP 9006(b)(3).  That limitation precludes the authority to extend the deadline for "excusable neglect" with respect to chapter 7 proofs of claim.  Additionally, *Pioneer* was decided in 1993.  In 1994, Congress amended the Bankruptcy Code to add § 502(b)(9) which explicitly provides for disallowance of tardy claims

[4] *Norton Bankruptcy Law and Practice* § 48:22, footnote 9, cites the following authority:
Fed. R. Bankr. P. 9006(b)(3).  Matter of Greenig, 152 F.3d 631, 40 Collier Bankr. Cas. 2d (MB) 787, Bankr. L. Rep. (CCH) P 77763 (7th Cir. 1998); In re Edelman, 237 B.R. 146 (B.A.P. 9th Cir. 1999) ("Act of God" is not an enumerated exception allowing extension of time to file proof of claim in Chapter 7 case); In re Reynolds, 215 B.R. 89, 31 Bankr. Ct. Dec. (CRR) 855, 38 Collier Bankr. Cas. 2d (MB) 1625 (Bankr. N.D. Ga. 1997) (Rule granting automatic three-day extension when service of notice is by mail is not applicable to extend bar date, even when notice of bar date was mailed); In re Gardenhire, 209 F.3d 1145, Bankr. L. Rep. (CCH) P 78160, 2000-1 U.S. Tax Cas. (CCH) P 50376, 85 A.F.T.R.2d 2000-1464 (9th Cir. 2000) (holding that the bankruptcy court has no power to "equitably toll" the 180-day period for governmental entities to file a proof of claim, given the strict language of Code § 502(b)(9) and Bankr. Rule 3002 of the bankruptcy rules).

[5] Bankruptcy Code § 726(a)(3).

failure to comply with these provisions exempts the IRS from the deadlines for filing proofs of claim.

The Court rejects this argument for two reasons.  First, the statutory citations are misinterpreted by the IRS.  Second, application of the formal notice requirements in the way proposed by the IRS would effectively eviscerate the explicit statutory provisions regarding the effect of actual notice on the filing of claims in chapter 7 bankruptcy cases.

a.  *FRBP 2002(j)(4)*

Citing FRBP 2002(j)(4), the IRS argues that the notice it received was not proper because notice was not sent to the US Attorney for this district.

FRBP 2002(j)(4) requires copies of notices to be mailed to the United States Attorney for the district in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted.  However, this subsection applies only if the notice "discloses a debt to the United States ***other than for taxes.***"  *Id* (emphasis added). The claim filed by the IRS (Claim No. 7) is for unpaid federal withholding taxes and related penalties.  Therefore, FRBP 2002(j)(4) does not apply.  The redactors of the rule apparently believed that when taxes are involved, notice is adequate if notice is given to the IRS. [6]

Therefore, the Court concludes that the January 27 notice is not rendered ineffective merely because it was not sent to the US Attorney for the Southern District of Texas.

b.  *11 U.S.C. § 342*

The United States also argues that it did not receive proper notice required by 11 U.S.C. §§ 342(a) and (g).

Section 342(a) provides that "there shall be notice as is appropriate … of an order for relief in a case under this title.".  The IRS provides no argument concerning why the January 27 actual notice was not sufficient.  The Court concludes that the notice that the IRS received was adequate to satisfy § 342(a).

Section 342(g) provides that notice not in accordance with this section "shall not be effective notice until such notice is brought to the attention of such creditor…" 11 U.S.C. § 342(g)(1).  This section further provides:

> If such creditor designates a person or an organizational subdivision of such creditor to be responsible for receiving notices under this title and

---

[6]  The comment of the Advisory Committee to the Rules states:  "**Subdivision (j).** The premise for the requirement that the district director of internal revenue receive copies of notices that all creditors receive in a chapter 11 case is that every debtor is potentially a tax debtor of the United States. Notice to the district director alerts him to the possibility that a tax debtor's estate is about to be liquidated or reorganized and that the debtor may be discharged. When other indebtedness to the United States is indicated, the United States attorney is notified as the person in the best position to protect the interests of the government…."

> establishes reasonable procedures so that such notices receivable by such
> creditor are to be delivered to such person or such subdivision, then a notice
> provided to such creditor other than in accordance with this section
> (excluding this subsection) shall not be considered to have been brought to
> the attention of such creditor until such notice is received by such person or
> such subdivision.

*Id.* Notice under §342(g), therefore, depends on whether the IRS has designated a person to whom bankruptcy notices must be addressed, whether the IRS established reasonable procedures so that any notices received would be delivered to that person, and if so, whether notice reached that person. The IRS has not argued that it established procedures authorized by § 342(g). Therefore, there is no indication of a violation of § 342(g).

But even if it had designated such a person, because the IRS stopped collection activities in January, it would seem that notice reached (or should have reached) the designated person in time to file a proof of claim in May. *Collier on Bankruptcy* concludes:

> If a debtor gives reasonable notice, a creditor should have procedures that
> transmit it almost instantly. It is hard to imagine how a creditor that does
> not have a procedure for immediate transmission of notices received by its
> attorneys, collection staff, repossession agents, and collection agents could
> be deemed to have reasonable procedures. And presumably, by negative
> implication, if such reasonable procedures do not exist, any actual notice
> given to a creditor should be deemed brought to the creditor's attention. So,
> in the end, any reasonable notice should be sufficient to be effective notice
> for purposes of section 342(g).

3 COLLIER ON BANKRUPTCY 15th Ed. ¶ 342.09 (Alan. N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

In paragraph 2 of its motion, the Service states that it "ceased collection activity" once it became aware of the bankruptcy case on January 27, 2009 (docket #17). Therefore, it seems reasonable to conclude that the bankruptcy case was "brought to the attention" of the IRS, and thus it had reasonable notice of the bankruptcy case in satisfaction of §342 (a) and (g).

## V.      THE IRS HAS AN ALLOWED CLAIM WITHOUT COURT ACTION

11 U.S.C. § 501 provides that a creditor may file a proof of claim. 11 USC § 502(a) provides that if a claim is filed, the claim is "allowed" unless a party in interest objects. The IRS has filed its proof of claim, and no objection has been filed. Therefore, as of this time, the claim is deemed allowed. No action by the Court is required.[7] The claim is tardy, but it is an allowed claim. The consequences of the claim being tardy are defined by statute.

---

[7] If an objection to a proof of claim is filed, the Court is required to disallow a tardy claim except to the extent that the claim is allowed under § 726(a)(1)-(3). Section 726 applies to the IRS claim. As explained below, these provisions explicitly define the consequences of the situation related by the IRS and, viewed in conjunction with the FRBP, limit the Court's authority to authorize a different result by "allowing" the tardy claim.

If, and only if, a party in interest objects to the claim, the Court must disallow a tardy claim except to the extent that § 726 authorizes the payment of the tardy claim. Section 726 authorizes the payment of some tardy claims.

## VI.   PAYMENT OF TARDY CLAIM

11 U.S.C § 726(a) directs the chapter 7 trustee concerning the priority of payments to creditors. Payments are made to the first category, and once that priority is paid in full, remaining assets fall to the second tier, and so forth.

Distribution to a tardy claimant depends on whether the claim is a priority unsecured claim or a non-priority unsecured claim. Claim No. 7, filed by the IRS, asserts a priority claim (under Bankruptcy Code § 507) for $55,825.08 and a non-priority unsecured claim for $10,692.44.

Bankruptcy Code § 726(a)(1) provides that priority unsecured claims receive a first tier distribution in chapter 7. This result obtains regardless of whether the claim was filed timely or tardy, provided that the claim was filed before the trustee mailed his summary of final report or commenced distributions to creditors. The docket sheet of this case indicates that neither has happened. Therefore, the priority portion of the IRS claim is currently allowed and is entitled to its ordinary § 726 priority, regardless of the fact that it is tardy.

Sections 726(a)(2) and (3) apply to the non-priority portion of the tardy unsecured claim. Section 726(a)(2) provides that the tardy non-priority unsecured claim is included in the second tier of distributions if the creditor "did not have notice or actual knowledge of the case in time for timely filing of a proof of claim."[8]  As noted above, the IRS had actual knowledge of the case in January, and the proof of claim deadline was in May. Almost four months would seem to be adequate time to file a proof of claim. If § 726(a)(2) does not apply, § 726(a)(3) governs. It gives the tardy claim a third tier distribution. Although it is rare for an estate to make third tier distributions, the consequence assigned by the statute to the IRS tardiness (despite actual notice) is controlled by the statute.

The explicit statutory provision regarding the consequences of receipt of actual notice of the bankruptcy case in time to file a timely proof of claim prevail over the IRS argument that formal notice is required.

## VII.   CONCLUSION

Read together, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure create an explicit and carefully crafted regime establishing deadlines for filing proofs of claim, limiting judicial discretion in extending those deadlines, establishing the bases for exceptions related to alleged inadequate notice, and defining the consequences of tardy filed proofs of claim.

---

[8] It is important to note that the statute refers to "notice or actual knowledge of the case." Contrary to the IRS argument, the technicalities of the form of notice of the filing of the case, *etc,* are subject to the explicit, overriding provisions relating to proofs of claim and distribution to creditors in §§ 502 and 726.

The Court simply does not have authority to vary that scheme by "allowing" a tardy proof of claim and directing the trustee to pay it.  Therefore, the motion to allow the tardy claim is denied.

SIGNED 08/18/2009.

Wesley W. Steen
United States Bankruptcy Judge